Why don't we proceed with Snyder's-Lance v. Frito-Lay, and we'll hear from you, Mr. Clement, first. Thank you, Your Honor, and may it please the Court, Paul Clement for the appellants. The decision below, dismissing this case for wanted jurisdiction, finds no support in text or context and contradicts the weight of authority in the leading treatise. Although Frito-Lay has belatedly embraced the district court's jurisdictional theory, it raised no objection for the first two years that this case was in district court. That was not a failure of the issue plot, but it reflects instead the fact that the statute here plainly gives a party dissatisfied with a TTAB decision a clear choice in seeking review. If the primary concern with the TTAB decision is legal, then the statute gives an appellate right to the federal circuit. If instead the TTAB decision implicates disputed questions of fact, then the statute also gives the party an option to proceed in district court where there's a de novo review of the facts and an ability to add to the record. But the statute recognizes that both avenues have their advantages and their disadvantages and it gives parties a choice. Now Frito-Lay for its part, of course, concedes that my client, Princeton Vanguard, had that choice with respect to the 2014 TTAB decision. And my client filed an appeal in the federal circuit, Frito-Lay has a statutory right to which it did not exercise in 2014. So we proceeded on our appeal to the federal circuit. My client won before the federal circuit and the federal circuit then vacated the 2014 decision. Now when the case went back to the TTAB after that decision, there was no TTAB decision from 2014 because it was vacated. So the TTAB then issued a new decision in 2017 that was quite different from the 2014 decision because the 2017 decision not only applied the correct standard of law as clarified by the federal circuit in its 2015 decision, but it also went on to address a wholly second question, the question of sort of secondary meaning. And if you want just a dramatic illustration of how different the 2017 decision is from the 2014 decision, you can just put the two decisions side by side. The first one had... So let me ask the question, in sending it back from the federal court, it was not just a remand to correct or clarify from that perspective, from your perspective. Your statement is that it vacated the previous decision? Yes, Your Honor. That's clear from the federal circuit decision itself. Would it be a difference if it had not vacated it? If instead it simply had remanded for reconsideration or for some... to look at a different evidentiary point or something of that nature? In other words, not a full vacation of it, but really asking it to clarify something. Your Honor, I think... Does that make a difference? Well, I think it makes a difference in the sense that it would be a harder case. I still think my position would be the same. Well, the reason I'm asking is because I think the vacation of it seems to... that makes a lot of sense. Vacation as in subject matter jurisdiction type situation, if you vacate, it just wasn't there. So it makes a lot of sense, but my question is, does that necessarily follow? Because once we do this and we say you can do it, necessarily, even though it may be an issue for another day, it is right there. Is our basis to be based upon the fact that it was vacated by the federal circuit? So, Your Honor, it's not my job to make this case any harder than this case is, right? So I would be happy with a decision that rested on the vacancy. And I think the only precedent on the other side, which is an unpublished district court decision from the District of Columbia, fits the harder case that you're envisioning. That was a case where, at least as the way the DDC read the earlier federal circuit decision, it actually read it as retaining jurisdiction and just sending it back for clarification. So that can be done? Can that can be done? The federal circuit could have said, we retain jurisdiction over this matter, in effect foreclosing that opportunity. You believe that that could have been done by the federal circuit here? I don't think so, Your Honor. But I would admit, I'd be the first to admit it would be a harder case. But I would still be making the argument that I'm making. I think, you know, it would be a harder case. I also think my friends from Frito-Lay might have raised the objection right away in that context, in the district court, and not waited for two years. And I don't mean, I mean, obviously, it's a jurisdiction, it's a jurisdictional issue. It doesn't matter that they waited. But, you know, they have fine counsel. And I would submit that the fact that nobody noticed this for two years is some evidence that the statute's on its face, although every statute can be clearer. And one of the references to waiver is using a passive voice disruption that sort of creates the issue. I understand why we're here. But I do think the better reading of the statute, the better reading of the context and the case law says that we could have the right to file in district court, even under the circumstances that you're envisioning, Judge Wynn. But I think when there's a vacuum of the first opinion, and you start over, our ability to go to district court ought to be particularly clear. Well, let me ask one last question, at least it seems to me, if you're resting on the plain language of the statute, that all those little nuances I just mentioned wouldn't make any difference if the plain language of the statute creates this right.  I think that's right, Your Honor. And that's why I said, although that would be an easier case, I would still be or the hypothetical would be a harder case. I'd still be making my same argument because and I do think that, you know, the statute as a whole makes clear that what it's focused on is the particular TTAB decision under review. Now, as a last question, and I'm going to let my colleagues weigh in on this because I know they're ready with questions, too. One concern is the federal circuit gets the appeal and I take it there is some nature of a law, the case or some rulings that they made that then binds the parties or binds the board below. Why wouldn't it just seems that it just seems like that would be once you make that choice in the first instance, that's your choice. And you had the option, both party had the option of going on the Section B, but chose instead to move. If once you go there, you're there and otherwise you're going to be every time it goes back. Let me ask this question, because I know that's getting to what if the opposite happens? You choose to go to the district court. It goes back. Now, can you go to the federal court under the statute at the same because of the plain language, even though you have been allowed to present potentially present counterclaims or all kinds of extra stuff before the district court, as opposed to going to the federal court? Is that a does that change when you reverse it? When you reverse it, you still have the option the second time around. And you can ask my friend on the other side of either one of going to either one. My question is to go in either one. So you're saying the answer is yes. You can do the same thing if you go to district court first and go through a time proceeding. This court sends it back on a second time around. You said, OK, we'll go up to the federal court. Yes, your honor. You can have that option if it happens in sort of the reverse order. I would point out that my understanding of my friend's position is that they would agree that if it went to the district court first, the second time around, you could go either to the federal circuit or to the district court. Now, maybe he'll correct me, but that's my understanding of his position, which I think shows that his position is a little bit anomalous because it means that it's the follow up because they go to the federal court. Wouldn't both of you have to agree to do that? We would have to both agree to be in the federal court. So it seems like the parties could agree to go to a different form. But in this instance, to go to the district court in order to not go back to the to the federal court, you simply only need one not to agree, which is what happens here. Sure, your honor. But that's built right into the statute. Even in the first instance, you can't go to the federal circuit unless both parties agree. But you either party has a right to force it into district court. And so I think that's, again, shows the anomaly of my client being foreclosed from going to district court because the way that the statute set up, you have an initial choice. But there's actually, if anything, sort of a default preference for the district court because either party can force it there. And I don't think Congress ever envisioned a situation like this where you'd be foreclosed from district court with with a particular TTAB decision. And I think it's important to recognize, your honor, that we're not running from the federal circuit because we got some ruling there that we're trying to evade. We won in the federal circuit. So if anybody would have an incentive to keep this case out of the federal circuit, it and I think under their position, if we filed in the federal circuit in the first instance, their view is they could have made an objection and forced us into the district court. I think that's got to be their position because that's how they distinguish the Seventh and the Ninth Circuit cases that we rely on. Now, I think that's important because I don't think there's too much of a concern to the law of the case issue because the Supreme Court's made clear law of the case applies across circuits. But in the scenario where the party who lost in the federal circuit, who has the greater incentive to try to stay out of the federal circuit, which in this case is Frito-Lay, because we won the first time they lost, they can force this case into the district court where the district court's going to have to apply the federal circuit law. And if it gets appealed to this court, this court's going to have to treat it as law of the case. So in your position would be flipped. You'd be on the other side right now, probably arguing that position, and he'd be there saying we can't. Well, Your Honor, we all have clients, but I understand that my point is that there is nothing about our position that creates the anomaly that you could be in district court and having to apply the federal circuit decision as law of the case. Well, that's a little bit, that's it seems to me there's things to be said on both sides in this case. The statute seems to focus on the decision and gives the option with respect to a decision, a TTAB decision. That's your fundamental position. The waiver doesn't seem to be limited and the argument on the other side is that once you make that election, then you've made it for the whole game. And the one aspect of that argument that has some appeal is that if we were to allow this going back and forth, we would have the fourth circuit monitoring and applying or  And the bigger question comes, what if we were to disagree and say, as a court, we think we want to change our mind. You know, there are exceptions to the law of the case and a district judge who makes the decision early in a proceeding basically ought to continue the proceeding under the law of the case to give some predictability to the parties. But later in the case, there's nothing that says the district judge can say, I've been thinking about this and I think I made an error on that and I'm going to change my views and write an opinion explaining why, give the parties full and ample opportunity to respond in that fashion. I think that might apply also to the fourth circuit when we're looking at a federal circuit opinion. And at that point, you get to the unseemly notion where you have two circuits sort of could be disrespecting each other. I, I, I, I would think in the more normal circumstance, the various circuits show a lot of respect for each other and their laws and their decisions. That to me speaks a little bit for the notion that the waiver might be broader. On the other hand, the waiver is there with respect to a decision. And in this case, without getting to the ones that Judge Wynn had questioned, which are much closer. In this case, there was a vacant or a broad name. There was a whole secondary meaning issue that's developed. And of course, secondary meaning is very factual and maybe the district court's a better place to handle that type of thing. So I don't think this is a slam dunk for either side. It's a, it's a little bit of a call we would have to make. And, and it seems to me in this case, it raises both sides pretty well. Well, so Judge Niemeyer, if I can, let me try to explain why I think that although you've identified factors on both sides, they weigh pretty heavily in our favor. So the one is, you know, if the law of the case is your primary concern, I would say a couple of things about that. One is, you know, this isn't the only situation where you can have that dynamic. And if you look at the Christensen against Colt Industries decision that we cited in our brief, you know, that's a situation where there was basically a circuit split within a single case and it went up to the Supreme Court. And that's very unusual, but it can happen. So we're not creating some anomaly here. The second thing I would say, though, is even if you would, you know, at the margin, want to interpret the statute to make that happen less often, what the situation that's arisen here is not a common situation. There's a reason that when we look for circuit court cases, we're offering you a 1967 Seventh Circuit decision and a 1979th Circuit decision. These subsequent TTAB decisions are relatively rare. So if your concern is that in these two TTAB decision cases, you might have to wrestle with law of the case issues, that's probably a problem that's going to vex you maybe once a decade at most. But remember, in patent cases, you often see one party files in one circuit on a straight on claim of infringement and the other goes to another circuit and seeks a declaratory judgment of non-infringement. And the Supreme Court has issued some rules about it. Of course, the second filed case tries to broaden the issues so as to give some legitimacy to the declaratory judgment action. And the Supreme Court has talked about that. I don't remember the name of the case, but it arises and it can be handled. I understand that. Yes, Your Honor. And I think it's worth recognizing that in the patent context, Congress tried to minimize that to the absolute extent it could by creating the federal circuit requiring all the patent appeals to go there. And they made a different judgment with respect to trademark. So I think that's entitled to some weight in the balance. But if I could, the one point I just want to make before I sit down, because my time's already expired, is on the other side of the ledger, here's the problem. Although this situation arises with the second TTAB decision very rarely, you don't know that when you're deciding what to do with the first TTAB decision. And so if you create this dynamic where you're forever bound by your first choice, then all sorts of lawyers are going to advise their clients that you've got to go to the district court. You can't go to the federal circuit because if you go to the district court, you preserve your option. If there is a second TTAB decision, and the second TTAB decision- Let me, before you finish up and on that point, I'm just curious. If you look at section 1071A4, and it states specifically regarding the federal circuit, this language, shall govern the further proceedings of this case. So that sort of, the way I read that, it tells me if I'm a Judge Nemire scenario that I too have concern about, but it looks like to me, if it comes to us, that section says, that's what governs the proceedings of this case, the federal circuit. The problem I have with it is, I don't see a section down here that says, well, if it in this case. So it seems to create the conundrum that we may be bound by the federal circuit's proceedings in the case, but they are not bound by our proceedings. Is that your reading of that, or does that have any applicability here? I'm trying to understand how that comes into play. So Judge, when I read that provision as being most specifically directed at the TTAB in the remand proceedings. So it's just making crystal clear to the TTAB board, the TTAB, that it's to follow the federal circuit decision, because the rest of that subsection, that's A4, is directed to kind of the timing and the record, and it's all directed to the TTAB. Now, it's fair though, I think that you could read that as being almost a statutory rule that reinforces law of case principles. It sounds to me like it's a mandate rule. It basically says the federal circuit's mandate shall apply to the further proceedings down below, and before the TTAB. But that's how I read it as well. That's how I read it as well, Judge Neumeier, that it's more directed. But there's a little, what Judge Wynn raises, a little bit of a broader inference might  But it does go further than just a mandate. It says the mandate and the opinion to the director. And then that's when that's entered. That shall govern the proceeding, not just the mandate. So that's what causes me concern here. And I'm not asking these just hypothetical questions just to be asked. You know that. If we write this opinion, we've got to figure out how to write it in the narrow way that you want us to do, or it has a more expansive application that's going to cause us headaches in the future of trying to figure out why did we write such a thing as that. Is he going to go with it? So that's why this is coming up. No, I understand. Go ahead. Just finish. You can respond to Judge Wynn. Yeah, no, and all I would say is I understand that. And, you know, to go back to where I started, I would say that, you know, if you want to rest it on the vacatur of the 2014 TTAB decision, we don't have any objection with that. It would narrow it. The only thing I would say about that particular sub four section you're looking at is that does show that Congress knew how to refer to something having continuing effect throughout the proceedings, as opposed to being focused on the decision. So I actually think that provision sort of reinforces the point that Judge Niemeyer alluded to us on our side of the ledger, that the focus of the statutes on the decision. But thank you, Your Honors. Thank you. All right, Mr. Barber. Thank you, Your Honor. And may it please the court. When a party in the TTAB proceeding loses and wants to appeal to a court, it must make a decision at that point. It must either appeal to the federal circuit under subsection A of 15 U.S.C. 1071 or file a civil action in district court under subsection B. And with that decision comes a binding election. Under the plain language of the statute, if the appellant chooses the federal circuit, it waives its right to file a civil action. That's what the statute says. I think what you say is pretty clear. But I think the question is whether that rule applies to the review of a decision from TTAB or whether that rule applies to a future decision of TTAB after a remand from the circuit court. And I think the second situation is not as clear. The question really is, obviously, Congress wanted to give an option to litigators. One is a little bit more efficient, maybe, on the record. And it's a little more expensive to go to district court. But district court will give you some discovery. You can add issues and counterclaims and so forth. So Congress really provided that. But it seems to me that decision to give that option would be based on what confronts the lawyer and what confronts the lawyer is the TTAB decision. Now, if the TTAB decision were of a totally different color, the lawyer might make a different decision where to go. So in this case, we had one decision, the 2014 decision, and both parties agreed to let that go to the federal circuit. We have a 2017 decision, which I think it's fair to say is different. You can argue, but it really does raise additional issues for a lawyer making the decision where to review that. And the problem is, do we say that's still part of the initial proceeding and the waiver goes all the way through? Or do you now have a fresh choice in view of the new decision? And I don't think there's a slam dunk in reading the statute, but there may be some pragmatic and policy decisions that should be made in light of what Congress was trying to achieve. Well, I think there are, Your Honor, and I think there are three reasons we would point to that we think are pretty compelling. Why the waiver, when you first appeal to the federal circuit, applies throughout the remainder of that case. First is the plain language of the statute. The waiver language in subsection A isn't limited to a decision, or an issue, or a time period. It's tied to the party. It says the appellant is right to file a civil action. So status number one is the plain language. But beyond that, if you accept Princeton Vanguard's position here, that appealing to the federal circuit only precludes the appellant from filing a civil action on the same TTAB decision and doesn't apply to additional decisions, that makes the waiver clause in subsection A completely superfluous. Because subsection B alone, which provides that a dissatisfied party may file a civil action unless appeal has been taken to the federal circuit, is sufficient by itself to preclude an appellant from also appealing the same TTA decision. But you know, what you just quoted probably structurally doesn't solve the problem, because what you just quoted says dissatisfied with the decision of the director. And so the procedure that's being discussed is in the context of a decision of which a party's unhappy with. And the question is, if you get a second decision, do we apply the same procedure? Because the waiver may be construed to be broader than just the decision. Or do we link the waiver to the particular decision, recognizing that maybe a new decision might raise different issues? I mean, there's a certain pragmatic justice here too. Both lawyers want to have a fresh decision if there's a new decision. I mean, a fresh choice if there's a new decision. I think the point I was trying to make is it does apply to future decisions. When you file the first appeal to the federal circuit, it does apply to future decisions. Because if it doesn't, the language in subsection A, the waiver language, is superfluous. It's not needed. And for sure it is, because you can't, it says it gives you time periods. In other words, you can, party A says I'm going to the district court. Party B, there has to be some kind of an agreement. And once that agreement is made, you've waived your right to go anything else. But the open question is still whether that's with respect to that decision being reviewed, or whether that's with respect to the whole case, regardless of what happens in the future. Right, but the language in subsection A wouldn't be needed for that. Well, sure. If you remove the language in subsection A. Because the waiver, once you've made the election go to the federal circuit, you can't reverse it and say to the federal circuit, I'm withdrawing my appeal. And I now want to go to the district court. That precludes that. Right, right. Once you've gone through that initial process, and you're in the federal circuit, you can't go back. That's what that says. Now, it could also mean what you're saying. But I'm just suggesting it's not as clear as just making a categorical statement saying that's superfluous. It seems to me it serves a purpose, even with respect to a decision. I agree it serves a purpose. It would be superfluous if Prince of Vanguard is right in their position. If the language in subsection A would not be needed, because under the language of subsection B by itself, the party that filed the federal circuit appeal could not file in district court. You wouldn't need any language in subsection A. The third reason that I think it must apply to all future decisions is really sound policy. And this is some of the questions Judge Wynn was asking. The appeals of TTAB decisions to the federal circuit under subsection A and district court reviews under subsection B are really very different animals. And one big difference is that the federal circuit, of course, can and often does remand the case back to the TTAB. And then the TTAB's decision on remand can go back to the federal circuit. And it can go back and forth until the federal circuit is satisfied with the TTAB's decision. That's not so in a district court review. Once a civil action is filed under subsection B of the statute, that case never goes back to the TTAB or to the federal circuit. I think- Let me ask you that question. I think it's a good point. Is there a remedy that the district court can issue that would send the case back to the TTAB for some clarification or some fact-finding? No, that's not how it works. The district court is given broad discretion under subsection B to decide whether the applicant is entitled to a registration or any other matter that's required by the case. So the district court makes all the decisions. And then the district court- Could the district court send it back? District judge might say, I appreciate the expertise that the agency has. And I'm inclined to let them look at this and send it back as opposed to entering the relief itself. I don't believe that's ever happened, Your Honor. And I don't think that's what's contemplated by the statute. The statute says that a civil action can be filed in the district court. And the district court has full authority and power to decide whether the applicant is entitled to a registration and to decide any other matter in the case. And then, of course, the district court's decision would be appealed to a regional circuit like this court. It wouldn't go to the federal circuit. Now, the district court can't- At some point, we'll send it back to the director of the United States Patent and Trademark Office. But that's just to implement the decision, the decision on registrability. It doesn't go back to the TTAB. The district court has already decided whether the applicant is entitled to a registration or not. So, it's just not how it works. And in fact, the language in subsection B says that the decision of the district court will go back to the director of the USPTO, not the TTAB. So, I think that's another compelling reason why these appeal avenues- What? But they talk about the director or the TTAB, right? No, subsection B just talks about sending the decision I'm sorry. Such adjudication, the adjudication of the district court shall authorize the director to take any necessary action upon compliance with the requirements of law. So, it's sent to the director, but not to the TTAB. The district court has already made the decision whether the applicant is entitled to a registration or not and any other issues that arise in the case. So, it goes back to the director. Does the director have authority to refer it to the TTAB? You know, maybe hypothetically that could happen, but in that hypothetical, I don't know what there would be left to decide by the TTAB. Well, the director may want some guidance. This is all fairly involved, obviously, and we haven't found much case law. Right, but the director is bound by the district court's decision under subsection B, so there'd be no reason for the director to send it to the TTAB at that point. There'd be nothing for the TTAB to decide. It's just up to the director at that point to either issue the registration or deny the registration. So, that's how it works in practicality. I've never seen a situation where the director would send the case back after it's been in district court, send the case back to the TTAB. I just don't think that's how it works in practice. Let me ask you a question, and I'm asking it for clarification to make sure I'm not as got it in terms of making this over simplistic in terms of the way you present this. Effectively, you are saying that in the first instance, you have this choice of going A and B. You can appeal it, or you can submit it to another trial forum effectively. And that trial forum then will redo the whole thing, or can redo it from the beginning, go through the process, and then you're in that venue to go up a different trial lab. That's how it gets to the Fourth Circuit. Or, in the first instance, you can choose to keep the board as your trial forum and go to the federal circuit. And then once you have chosen that trial forum, you don't get to go try another trial forum because you've already had this one you've chosen. Is that over simplifying the way in which you're reading this? No, I think that's exactly right. If you choose the federal circuit for your first appeal, then you should have to stay in that lane because then you've gone to the federal circuit. The federal circuit is going to decide the case, send its mandate and opinions back to the TTAB. And at that point, once you've made that decision, you waived your right to go to district court. You no longer have- And it would fit probably, from your perspective, would it fit more in the realm of where your opponent is pushing this? If Congress had created the avenue for it either to go to the federal circuit directly or to the Fourth Circuit directly for on an appeal, as opposed to another full trial there, and you would have that option to go either way on it. But because it's effectively saying you got a choice, you start out at the board and now you can accept that as your trial form. And now you're going to be locked to that record at the federal level if you choose to go to the federal. Once you do that, to come back and now say, well, you don't have to be locked to the record anymore. We're going to throw it all out and go to another forum over here. Or I don't know what the language means in terms of you're still now bound by the federal circuit law, even though you all agree you are. That's kind of interesting to me. If it's another trial form, then why in the world are you bound by the federal circuit law on it? But although it's the same case in the so-called law of the case stuff come up, that's where it really gets confusing here. And maybe that pushes more to the points you are making, why it's a cleaner way to do it in the manner that you're bringing it. But look at the plain language of the text. There's a lot of support for your opponent on the plain language of the text. And how do we, I mean, well, let me let you comment on that. Well, first of all, on the plain language, we think the plain language supports us. I mean, the waiver clause in subsection A is not limited to a decision. It's tied to the party. It says the party waives its right to the district court. Now, once you go to the federal circuit, one point you mentioned, you should be stuck at the TTAB as your trier of fact. You're not necessarily limited to the record. I mean, once the federal circuit vacates the decision and remands it, the appellant very well could ask the TTAB to open up the record at that point. You know, just getting back to the text, I don't think the text is fully, is as clear as you say. It says a person who's dissatisfied with the decision of the director or the TTAB may appeal to the court of appeals for the federal circuit, thereby waiving the right to proceed under section B. But the whole subject of that is satisfied with a decision of the director or the TTAB. They do this, thereby waiving that. It seems that whole modification process could be construed to refer only to the decision of the director or the TTAB. Well, again, I think that the plain language. I understand your position, too. It's not only the plain language, but it's also what I've been talking about, about the very different avenues for appeal and why it makes sense for once you choose the federal circuit that you stay there. Well, Mr. Barber, let me, Mr. Barber, let me ask you this question. That language, dissatisfied with the decision. In this case, it doesn't say proceedings. It doesn't say disputes. It says the decision. Don't we have two decisions here? So therefore, on the second decision, the company would have a right to go to the district court instead of the federal circuit. I agree with the first part. There are two decisions here. But the problem in here in the plain language of the statute is that once you appeal that first decision to the federal circuit, you've waived your right to go to the district court. And that language in subsection A can only have meaning if that applies throughout the case. Well, I don't, I clearly don't agree that it only has meaning there. I think it has two meanings. I think it could have the meaning you're saying, but it also could have meaning referring to waiving the right to go to district court on that decision because it modifies that decision. I think you have to acknowledge that it's, that there's that language there. I would acknowledge that the statute is not a model of clarity, but I think the plain language supports us. And I think the avenues for appeal being totally different and the fact that you're going to district court for a new proceeding and that goes to the fourth circuit, not the federal circuit, all of that makes it more effective and just a better way to handle things and probably, and what Congress intended to have once you appeal the first decision to the federal circuit, you are, that is your lane for appeal. That is your lane for the remainder of the case. And you should not be able to go to district court after that. And, you know, Prince and Vanguard has failed to cite a single case where an appellant that has gone to the federal circuit on a first decision has been allowed to go to a district court on a second decision. There's no case that, they've not cited a single case where that's happened. So, I did want to address a couple of arguments that they made and why we think they're wrong that the district court,  They rely on the ninth circuit's decision in Gillette and the seventh circuit's decision in Tibbetts, but those cases are clearly distinguishable because there was no waiver in those cases. The party that filed the civil action in those cases had not, was not the party that appealed to the federal circuit. So it hadn't waived its right to go to the district court. So, now Prince and Vanguard relies on the language in subsection B that says that you can't go to the district court if appeal has been taken to the federal circuit, but that language is necessarily limited to the appellant in the first appeal because the full sentence where that language reads says, when every person authorized by subsection A of this section to appeal to the federal circuit is dissatisfied. The only party that was dissatisfied with the first decision in Gillette and Tibbetts was the party that appealed to the federal circuit. The other party had won. It had no reason to go to the district court at that point, but more importantly, it hadn't waived its right to do that. The waiver in subsection A is very specific that it's a waiver of the appellant's right. The party that appeals to the federal circuit, it's a waiver of his right to file a district court. So there was no waiver in Gillette and Tibbetts. Well, there's a parallel type of conditions that are imposed on the opposing party or the responding party. And that is number one, he has to acquiesce. And the second is that if there is no suit filed within 30 days, then the TTAB proceeding stands by default. So there's a little bit of a sanction imposed on the opposing party too. It's of course, the aggrieved party is the one being addressed mainly. Right. The prevailing party does have a right to force the case into a civil action at that point, but it doesn't have to. And more importantly, it doesn't waive its right to go to the district court later. The waiver is applicable to the appellant that goes to the federal circuit. The other party has not waived any right at that point. The last thing I wanted to mention was that Prince and Vanguard relies on legislative history and cites the Supreme Court's decision in Hoover versus Coe. But the Hoover case and the legislative history in that case address situations involving a single decision of the patent board. And the section of the patent statute that the Supreme Court was discussing was designed by Congress to prevent the prior ability of patent applicants to file two appeals on the same patent board decision, one in a district court and one in a court of appeals. Now, it's not surprising that Congress wanted to get rid of that scheme, but it's also not relevant here because neither Hoover nor the legislative history that they were discussing addresses or illuminates the appeal avenues for a second PTO board decision. So the legislative history does not support Prince and Vanguard's position in the Hoover case does not as well. All right. Thank you, Mr. Barber. Thank you, Your Honor. Mr. Clement. Thank you, Your Honors. In rebuttal, I'd just like to make one point about precedent, one point about text and one point about policy. I'll start just with precedent because I want to clarify something. In the Seventh Circuit Tibbetts case, in the original appeal to the Federal Circuit where the principal appeal was by the counterparty Knowles, there was a cross appeal by Tibbetts. Now, you got to read the procedural history of the Seventh Circuit case to understand that because nothing turns on it in its reasoning. But that's kind of my point. Nothing turns on which party filed the original appeal or whether there was a cross appeal because you need the consent of both parties to stay in the Federal Circuit. And that's why we think the Seventh Circuit and Ninth Circuits both support our position. But when my friend says we don't cite you any case where the party that appealed to the Federal Circuit then filed a disreport action, Tibbetts is actually that case because both parties in Tibbetts filed an appeal to the Federal Circuit from the original TTAB decision. So there is a case and I don't think you can distinguish Tibbetts on that ground. Now, to get to text, look, we've discussed it all a lot. So I don't want to belabor and make points that you've already heard. I do want to say, though, one thing about the language in A1 that they want to rely on so heavily, thereby waives your right to have an action under B, that can't be a once and for all waiver because if the other party objects to the original filing of the appeal in the Federal Circuit, the way it's supposed to happen is the party that's dissatisfied with the TTAB decision then files the action under B in district court. So even within a single proceeding, that thereby waives his right to district court doesn't mean once and forever. It just means it's making sense of the statutory scheme, which you have a choice, but you don't get two bites at the same apple, the same TTAB decision. But nothing in there supports the idea that if the first TTAB decision is vacated and you have a brand new TTAB decision, and this time the TTAB decision is much more factually intensive, that you can't go to district court. The point I want to make about policy is really just this. Second TTAB decisions after a successful appeal are as rare as hen's feet. I mean, the last circuit decision that addressed this issue was issued when I was four years old. The second TTAB decision just doesn't happen very often. But first TTAB decisions happen all the time. And if you have any concerns about law of the case when there's a second TTAB decision, that's going to come up once a decade. Whereas first TTAB decisions happen all of the time. And my friend's position on the other side is going to skew everybody's calculus about where to go with their statutory right to review of the first TTAB decision. And I think this case illustrates it perfectly. If you look at that 2014 TTAB decision, the issue we teed up for the federal circuit was a purely legal question about what you do with a compound term and whether it's generic. Because the original 2014 TTAB decision, which was short, only had 13 footnotes, was about as simple as this. Pretzels are generic. Crisps mean crackers. Crackers are generic. So pretzel, crisp, generic. Now we looked at that and we said that's dead wrong under federal circuit precedent. It's dead wrong under Supreme Court precedent. All three judges of this court that looked at that issue in booking.com recognized that that was wrong. That's just a glaring error. So we thought we're not going to go have a trial proceeding now. We're going to get the federal circuit to fix that error. And then maybe the TTAB will get it right. And then we won't be the party seeking review next time because we won't be dissatisfied with the second TTAB decision. But came back, they ruled against this on genericness for a second time, but they made a very different opinion the second time around because not only did they fix that legal issue, but then they, as an alternative holding, got into this whole issue of secondary meaning. Now that's a fact-intensive issue where lots of evidence is relevant, consumer surveys and all of that kind of stuff. And we wanted to get that before the district court. So we filed in the district court the second time around. There was no forum shopping because, again, we won in the federal circuit. We had nothing to fear about going back there. But this time the decision made sense to go to the district court. I don't think you want to interpret the statute to make somebody in my client's position have to go to the district court the first time around just to preserve their option the second time around. Thank you. Are these any good? They're excellent, Your Honor, and they're in that blue bag, which is why you know they're trademarked. I probably should ask your colleague whether he likes them too. I like the delays version of them. This has been very interesting. The arguments have been very good. It's a difficult statute. It's our missed opportunity that we can't come down and shake hands. This is our tradition. We would love to do that and we hope to see you again so that we can do that. We do extend our greetings and thanks on behalf of the court and try to carry on that tradition through Zoom to the extent we can. All right. We'll adjourn court for the day and ask the clerk to do so. Thank you very much. Thank you, Your Honor. Thank you, Your Honors. This honorable court stands adjourned. God save the United States and this honorable court.
judges: Paul V. Niemeyer, James A. Wynn Jr., Henry F. Floyd